## MONTGOMERY v. BRUSH ELECTRIC ILLUMINATING CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. CORPORATIONS—UNPAID STOCK—HOLDER'S LIABILITY.

Where an electric light corporation issued stocks in payment for contracts, by which it obtained electric light plants for sale, a referee's finding that such contracts were not property necessary for the business of the corporation, and that such stock was therefore not fully paid, and the holders were liable to corporate creditors thereon, was proper.

2. SAME—ATTORNEY'S SERVICE—ASSIGNMENT—ASSIGNEE'S RIGHTS.

Where attorneys, who had rendered professional services for a corporation jointly, assigned their claim to plaintiff, the fact that one of such attorneys was a stockholder in the corporation did not prevent the assignee from enforcing a stockholders' liability for unpaid stock, after judgment and execution returned unsatisfied against the corporation.

Appeal from judgment on report of referee.

Action by William R. Montgomery against the Brush Electric Illuminating Company to recover unpaid stock subscriptions. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Noel Gale, for appellant.
William G. Wilson, for respondent.

O'BRIEN, J. The action was brought to enforce the liability of the appellant as a stockholder of the Brush-Swan Electric Light Company of New England, under section 10 of the manufacturing act of 1848, as continued by section 54 of the stock corporation law of 1892. The alleged liability of the defendant, as such stockholder, was because of the nonpayment for defendant's stock in money or property, as required by the statute. The plaintiff was the assignee of claims of Messrs. Evarts, Choate & Beaman and of William G. Wilson for professional services rendered by them to the Brush-Swan Electric Light Company, upon which judgment had been obtained, and an execution returned wholly unsatisfied. No question is raised as to the validity of the judgment or the return of the execution, nor to the rendition or value of the services to plaintiff's assignors; the principal point urged being that the learned referee erred in holding that the contracts made by the Brush-Swan Electric Light Company with two other electric light companies, by which it obtained electric light plants for sale, were not for "property necessary for the business" of the Brush-Swan Electric Light Company, and that the stock issued for such contracts was not fully paid, and that the defendant, as the holder of some of such stock, was liable for the debts of the corporation. As correctly held by the referee, this branch of the case is fully covered by Powell v. Murray, 3 App. Div. 273, 38 N. Y. Supp. 233, affirmed in 157 N. Y. 717, 53 N. E. 1130.

Another contention made before the referee, and again in this court, grew out of the fact that one of the plaintiff's assignors, William C. Wilson, was a stockholder in the Brush-Swan Electric

Light Company; and this, it is urged, afforded a defense to that portion of the cause of action derived from him. It is undoubtedly the rule in this state that an action cannot be maintained by one stockholder in a corporation against another stockholder therein upon the liability imposed by the manufacturing act of 1848. This rule, the referee held, did not apply to the case at bar, for the reasons (1) that Mr. Wilson held the stock in fact as trustee for another; (2) that the plaintiff himself was under no personal disability of this character, although one of his assignors might have been able to sue in his own right; and (3) that the defendant, to maintain this defense, must show affirmatively how much the claim of Mr. Wilson amounted to, as distinguished from that of Messrs. Evarts, Choate & Beaman. Without deeming it necessary to concur with the referee upon the first and second grounds, which we therefore do not decide, we think that the judgment should be affirmed upon the ground that the employment and services of the attorneys were, upon the evidence, joint, and not several.

The other minor questions it is unnecessary to discuss, and the judgment accordingly should be affirmed, with costs. All concur.